# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PRESTON HELM and JOY HELM,** | ) |
| **Plaintiffs,** | ) |
| v. | ) Case No. 07-CV-0344-CVE-SAJ |
| **MARGARET C. DRENNAN and PETROQUEST ENERGY, L.L.C,** | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

The Court is in receipt of Defendant Margaret C. Drennan's Notice of Removal (Dkt. # 2) filed on June 19, 2007. Plaintiffs Preston Helm and Joy Helm filed a petition in the District Court of Tulsa County on March 9, 2007, see Dkt. # 2-3; they filed an amended petition in state court on April 16, 2007, see Dkt. # 2-2. Defendant Margaret C. Drennan ("Drennan") states that removal is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 based on diversity jurisdiction.

The Tenth Circuit has held that removal statutes should be strictly construed against removal. See Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005) (holding that if removal is appropriate, the court should adopt a "reasonable, narrow construction"); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("there is a presumption against removal jurisdiction"); Fajen v. Found. Reserve Ins., 683 F.3d 331, 333 (10th Cir. 1982) ("removal statutes are to be strictly construed and all doubts are to be resolved against removal" (citations omitted)). It is well established that all the defendants in a state court action must consent to removal. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Cornwall v. Robison, 654 F.2d 685, 686 (10th Cir. 1981) (noting that a co-defendant did not join the petition for removal; thus the petition was

procedurally defective); CHARLES A. WRIGHT, ET AL., 14C FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3731, at 258 (3d ed. 1998). The notice of removal must be signed by all of the defendants; in the alternative, all defendants must officially and unambiguously indicate their desire to remove the action. See Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996) ("To 'join' a [notice of removal] is to support it in writing . . . This does not mean that all defendants must sign the same notice of removal. Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." (internal quotations and citations omitted)). Here, the notice of removal is signed by the attorneys for Drennan; it is not signed by the attorneys for defendant PetroQuest Energy, L.L.C. ("PetroQuest"). Further, nowhere in the joint status report (Dkt. # 7) does PetroQuest unambiguously consent to the removal. Thus, the Court finds that the notice of removal is procedurally defective, and the Court sua sponte remands this action to the state to the District Court in and for Tulsa County. See Caterpiller Inc. v. Lewis, 519 U.S. 61, 77 (1996) ("The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.").

**IT IS THEREFORE ORDERED** that the Court hereby directs the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 25th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT